**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT ALLEN HELMS,

Defendant.

Case No. A-16-CR-023-LY

**Defendant Robert Helms' Sentencing Memorandum**

The sole issue for the Court in sentencing Mr. Helms is determining whether to impose a term of imprisonment (i) below or (ii) at the low end of the applicable United States Sentencing Guidelines range. Mr. Helms respectfully requests that the Court impose a below-the-range sentence of no more than 60 months' imprisonment for the reasons set forth in this Sentencing Memorandum.

***Facts***

Mr. Helms is a 52 year-old man with no prior criminal convictions other than Driving While Intoxicated twenty years ago. (PSR at ¶¶ 40, 47.)

On April 11, 2017, Mr. Helms and co-defendant Janniece Kaelin pleaded guilty to (i) conspiracy to violate the securities laws of the United States of America pursuant to 18 U.S.C. § 371, and (ii) securities fraud pursuant to 15 U.S.C. §§ 77q(a) and 77x. (PSR at ¶ 3; Dkt. 83.)

Sentencing in this case is governed by two agreements. First, Mr. Helms' plea agreement sets a statutory maximum sentence of 120 months' imprisonment. In that agreement, however, the government agreed to seek a sentence "at the low-end of the

sentencing guideline range found by the Court." Later, on August 14, 2017, Mr. Helms and the government reached an agreement that the applicable Guidelines range in this case is 78-97 months' imprisonment based on an adjusted Offense Level of 28 and a Criminal History Level of I.

***Argument***

In light of the parties' agreements, the Court should impose a sentence of no more than 78 months' imprisonment. Moreover, in light of the facts of this case and section 3553(a)'s requirement that courts impose sentences "no greater than necessary" to comply with statutory sentencing goals, here, the Court should impose a sentence of no more than 60 months' imprisonment:

**I. Sentencing Law in Light of *Booker*, *Rita*, *Kimbrough*, and *Gall.***

In *Booker*, the Supreme Court held that the Sentencing Guidelines are advisory. *See United States v. Booker*, 543 U.S. 220, 245, 260-62 (2005). Nevertheless, district courts need to start their sentencing determination by properly calculating a defendant's Guidelines' sentencing range. *See Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 751-52 (5th Cir. 2009). Next, district courts should examine the facts of the case in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall*, 552 U.S. at 49-50. Courts should impose a sentence "not greater than necessary" to comply with the goals of the sentencing statute even if that means deviating from the Guidelines. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008) (confirming that a district court may determine that a within-Guidelines sentence is "greater than necessary" to serve the sentencing objectives).

## II. Mr. Helm's Agreed Guidelines' Range Is 78-97 Months' Imprisonment.

The government and Mr. Helms have agreed that the applicable Guidelines Offense Level is 28 and the applicable Criminal History Level is I, and the Court should honor this agreement notwithstanding the Probation Office's contrary conclusions. The parties engaged in detailed and meaningful discussions regarding the appropriate offense level in this case in order to avoid a protracted sentencing hearing, culminating in a meeting on August 14, 2017. At that meeting, the government and counsel for Helms compromised on numerous complex issues including the loss amount, the number of victims, and the means used to commit the offense in order to avoid a lengthy sentencing hearing involving numerous factual disputes. Therefore, we respectfully request that the Court honor the terms of the parties' agreement and find that the appropriate Offense level in this case is 28.

## III. The Court Should Impose a Sentence Below the Applicable Guidelines Range.

Section 3553(a) directs the Court to "impose a sentence sufficient, ***but not greater than necessary***, to comply with . . ." the statutory sentencing goals. 18 U.S.C. § 3553(a) (emphasis added); *see also Williams*, 517 F.3d at 809. The section 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, etc.;

(3) the kinds of sentences available;

(4) the Guidelines;

(5) pertinent policy statements;

(6) the need to avoid unwarranted sentencing disparities; and

(7) the need to provide restitution to any victims.

18 U.S.C. § 3553(a); *see also Kimbrough v. United States*, 552 U.S. 85, 108-109 (2007).

Here, at least three factors weigh in favor of a sentence of no more than 60 months' imprisonment.

***First***, there is no evidence that Mr. Helms set out to commit fraud or harm anyone in this case. Thus, the nature and circumstances of the offense favors a decreased sentence. *See* 18 U.S.C. § 3553(a)(1). Instead, Mr. Helms and Ms. Kaelin established a legitimate business focused on investing in oil and gas properties. Unfortunately, Mr. Helms and Ms. Kaelin were not good at running that business and ran into financial trouble that was exacerbated by undisciplined spending habits and major downturn in the price of oil. In the end, their business venture failed, and investors lost money. Nevertheless, Mr. Helms' business is still operating in the hands of a receiver and still generating income that is being paid out to investors. Indeed, the receiver is still winding up the business and generating real returns for the investors. While Mr. Helms accepts responsibility for his actions, he also respectfully asks the Court to consider the fact that he did not set out to hurt anyone in this case.

***Second***, Mr. Helms already has been severely punished by the government for his actions and, therefore, there is no need for an unduly harsh sentence in this case under 18 U.S.C. § 3553(a)(2). Before bringing this case, the government brought a civil securities fraud suit against Mr. Helms that resulted in a judgment of more than $45 million against Mr. Helms. (*See* W.D. Tex. Civil Case No. 13-cv-01036-LY.) Mr. Helms is a 52 year-

old man facing prison time with a net worth of negative $45 million. Put simply, the government already has taken is pound of flesh in this case and bringing criminal charges and seeking jail time comes close to offending the Constitution's Fifth Amendment prohibition against being convicted twice for the same offense.

While the Supreme Court has held that civil sanctions generally do not preclude criminal sanctions, Justice Stevens offered profound thoughts about the dangers of coupling severe civil and criminal sanctions in the same case. *See Hudson v. United States*, 522 U.S. 93 (1997). In his concurrence in *Hudson*, Justice Stevens wrote:

> Despite my disagreement with the Court's decision to use this case as a rather lame excuse for writing a gratuitous essay about punishment, I do agree with its reaffirmation of the central holding of *Halper* and *Department of Revenue of Mont. v. Kurth Ranch*, 511 U. S. 767 (1994). Both of those cases held that sanctions imposed in civil proceedings constituted "punishment" barred by the Double Jeopardy Clause. Those holdings reconfirmed the settled proposition that the Government cannot use the "civil" label to escape entirely the Double Jeopardy Clause's command, as we have recognized for at least six decades. *See United States v. La Franca*, 282 U. S. 568, 574-575 (1931); *Helvering v. Mitchell*, 303 U. S. 391, 398-399 (1938). That proposition is extremely important because the States and the Federal Government have an enormous array of civil administrative sanctions at their disposal that are capable of being used to punish persons repeatedly for the same offense, violating the bedrock double jeopardy principle of finality. "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity . . .." *Green v. United States*, 355 U. S. 184, 187 (1957). However the Court chooses to recalibrate the meaning of punishment for double jeopardy purposes, our doctrine still limits multiple sanctions of the rare sort contemplated by *Halper*.

*Hudson*, 522 U.S. at 110-11.

Therefore, while the present case is not literally a case of "double jeopardy" in light of the *Hudson* decision, Mr. Helms respectfully asks the Court to consider the price

that he already has paid and Justice Stevens' wise opinion when imposing criminal punishment on top of a severe civil punishment in this case.

Moreover, incarceration can serve three purposes – preventing the defendant from committing further offenses, deterring the defendant from committing any additional offenses after his release, and setting an example or generally deterring others in the community from committing similar offense. Here, an unpayable $45 million judgment and any term of imprisonment imposed on a 52 year-old man is more than enough to ensure that Mr. Helms will commit no further offenses and deter others in his position from doing the same. *See* 18 U.S.C. § 3553(a)(2)(B) and (C).

***Finally***, a sentence of no more than 60 months' imprisonment will not create any unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6). Again, Mr. Helms is a 52 year-old man with no criminal history other than a twenty year-old DWI. Indeed, under these circumstances, a sentence of more than 5 years' imprisonment would be inequitable.

***Conclusion***

For these reasons, Mr. Helms respectfully requests that the Court impose a sentence of no more than 60 months' imprisonment in this case.

Dated: September 5, 2017

*/s/ Arthur Gollwitzer III*

Arthur Gollwitzer III
Texas Bar No. 204073336
Michael Best & Friedrich, LLP
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Tel: (512) 640-3161
agollwitzer@michaelbest.com

Daniel H. Wannamaker
P.O. Box 2271
Austin, Texas 78701
Tel: (512) 236-9929
dhw@wannamakerlaw.com

Christopher M. Perri
1504 West Avenue
Austin, Texas 78701
Tel: (512) 917-4378
chris@chrisperrilaw.com

***Attorneys for Robert Allen Helms***

**Certificate of Service**

I, Arthur Gollwitzer III, an attorney of record in this matter, hereby certify that on September 5, 2017, I electronically filed the following document:

**Defendant Robert Helms' Sentencing Memorandum**

with the Clerk of the United States District Court for the Western District of Texas, Austin Division, using the CM/ECF system, which will send notification and a copy of this filing to all counsel of record, including:

Assistant United States Attorney Alan Buie
United States Attorney's Office
816 Congress Ave., Ste 1000
Austin, TX 78701
Alan.buie@usdoj.gov

I also served this Memorandum on the following by e-mail delivery:

Agustin Marquez
Senior United States Probation Officer
Agustin_Marquez@txwp.uscourts.gov

*/s/ Arthur Gollwitzer III*
Arthur Gollwitzer III